**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT MARK GREENE,
DOC # 130847,**

      **Plaintiff,**

**vs.**                            **Case No.  4:24cv486-WS-MAF**

**RICKY DIXON, SECRETARY,
F.D.O.C., et al.,**

      **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner in the custody of the Florida Department of

Corrections, initiated this lawsuit by submitting a civil rights complaint, ECF

No. 1, against the current Secretary of the Florida Department of

Corrections, as well as the former Secretaries who served between the

years 2008 - 2024.  *Id.* at 1-3.  Plaintiff did not pay the filing fee at the time

of case initiation on December 4, 2024, but the $405.00 filing fee was

subsequently received and entered on the docket.  ECF No. 5.

Prior to receipt of the fee, a cursory review was made of Plaintiff's

complaint, ECF No. 1, and an Order was entered, ECF No. 4, pointing out

that Plaintiff had not acknowledged all prior federal cases filed by him in his

original complaint.  *See* ECF No. 1 at 9-12.  Plaintiff was required to file an

amended complaint in which he honestly and completely disclosed all prior

cases.  ECF No. 4.

On December 23, 2024, Plaintiff filed an amended complaint.  ECF

No. 7.  Plaintiff has now acknowledged the three prior civil cases filed (case

numbers 6:12cv00764, 5:14cv00480,[1] and 5:14cv00623), as well as his

prior habeas petition, case number 5:12cv00217, all of which were filed in

the United States District Court for the Middle District of Florida.  Further,

he has listed previously filed state court cases.  *See* ECF No. 7 at 9-17.

Plaintiff also appears to acknowledge that two of his civil cases were

dismissed as frivolous and for failure to state a claim.  *Id.* at 9.  Plaintiff

specifically acknowledged that case number 6:12cv764 was dismissed as

frivolous, and said that case number 5:14cv623 was "dismissed, subject to

PLRA."  *Id.*  Stated more clearly, that second case (5:14cv623) was

dismissed upon 28 U.S.C. § 1915A review because the complaint failed to

state a claim under the False Claims Act, because it was barred by Heck v.

---

[1] Case 5:14cv480 was dismissed without prejudice because Plaintiff failed to pay the required filing fee or file an in forma pauperis motion.  ECF No. 7 of that case.

Humphrey, and because he sought monetary damages from Defendants

who are immune from such relief.  *See ECF* No. 18 of case # 5:14cv623.

That dismissal counts as a "strike" under 28 U.S.C. § 1915(g), as does

case number 6:12cv764.

Knowing that he had two prior "strikes," Plaintiff filed the amended

complaint, ECF No. 7, which has now been reviewed as required by 28

U.S.C. § 1915A.  Plaintiff alleges that since he has been "committed into

Defendant's custody . . . Plaintiff has been forced to at least 40-hours per

week of institutional labor, serving the Department and the people in it."  *Id.*

at 5.  He alleges that he is forced to labor under threat of discipline, but

there is no state "labor statute" that exists.  *Id.*  He says he is forced to

work against his will and has been subjected to involuntary servitude for

more than 16 years.  *Id.* at 5-6.  He asserts a due process claim under the

Fourteenth Amendment and an "involuntary servitude" claim under the

Thirteenth Amendment.  *Id.* at 7.

Plaintiff has failed to state an actionable claim under the Thirteenth

Amendment because it is well settled that inmates have no constitutional

right to compensation for their labor and may be required to work by prison

officials.  The Thirteenth Amendment specifically allows for involuntary

servitude as punishment after conviction of a crime.  *See* U.S. Const.

Amend. XIII, § 1; <u>Nash v. Talton</u>, No. 518CV00175TESCHW, 2019 WL

544953, at *2 (M.D. Ga. Feb. 11, 2019) (stating "[t]he Thirteenth

Amendment prohibits slavery and involuntary servitude, except as

punishment for a crime for which the party has been duly convicted").

"When 'a prisoner is incarcerated pursuant to a presumptively valid

judgment and commitment order issued by a court of competent jurisdiction

and is forced to work pursuant to prison regulations or state statutes, the

thirteenth amendment's prohibition against involuntary servitude is not

implicated."  <u>Omasta v. Wainwright</u>, 696 F.2d 1304, 1305 (11th Cir. 1983)

(quoted in <u>Holt v. Givens</u>, 757 F. App'x 915, 922 (11th Cir. 2018)).

In addition, Plaintiff alleged in his prior case (case number

6:12cv764) that he was "forced into slavery." ECF No. 8 at 6 of that case.

The argument that Plaintiff was being held as a "slave" in violation of the

Thirteenth Amendment was rejected by United States District Judge W.

Terrell Hodges.  In an opinion entered on August 19, 2015, Judge Hodges

noted that when a prisoner is convicted and "forced to work," the Thirteenth

Amendment is not implicated.  ECF No. 18 at 6 (citing to <u>Omasta v.</u>

Wainwright).  The law has not changed in the nearly 10 years since

Plaintiff's previous claim was dismissed.

Additionally, Plaintiff has not presented a viable due process claim

either.  To allege such a claim, Plaintiff must show that he has been

subjected to conditions of confinement which implicate his liberty interest.

The standard, as set forth by the United States Supreme Court, requires a

prisoner to show he was subjected to an "atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison life." See Sandin

v. Conner, 515 U.S. 472, 484-486 (1995).  Here, Plaintiff has not done so.

An allegation that a convicted prisoner is required to perform labor by

prison officials does not show an "atypical, significant deprivation" of liberty.

Sandin, 515 U.S. at 486.  This case should be summarily dismissed as

frivolous and for failing to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B).

If this recommendation is adopted, Plaintiff is on notice that he will

have accumulated "three strikes" and will be barred from proceeding with in

forma pauperis status unless he faces imminent danger of serious physical

injury.  28 U.S.C. § 1915(g).

Case No. 4:24cv486-WS-MAF

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** pursuant to 28

U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be

granted and because it is frivolous.  It is further **RECOMMENDED** that the

Order adopting this Report and Recommendation direct the Clerk of Court

to note on the docket that this cause was dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i), (ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2025.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**